United States District Court
Southern District of Texas
**ENTERED**
May 07, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ZACHARY COULTON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-60 |
| | § | |
| MARYANN RODRIGUEZ, | § | |
| | § | |
| Defendant. | § | |

## AMENDED[1] MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE FOR FAILURE TO PROSECUTE

Plaintiff Zachary Coulton has filed this *pro se* civil rights complaint. At the time he filed the complaint, he was confined at the San Patricio County Jail (SPCJ) in Sinton, Texas.

In a Notice of Deficient Pleading issued on February 21, 2019, Plaintiff was notified that he must submit a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. (D.E. 5). Plaintiff was warned that failure to comply with the Notice of Deficient Pleading in a timely manner may result in his case being dismissed for want of prosecution. (D.E. 5).

---

[1] The Memorandum and Recommendation is amended only in the recommendation section, adding a recommendation that Plaintiff's application for leave to proceed *in forma pauperis* be denied.

Plaintiff failed to comply with the Notice of Deficient Pleading and submit the requested information.  On March 22, 2019, the undersigned ordered Plaintiff to show cause within twenty days why his civil rights action should not be dismissed for want of prosecution.  (D.E. 6, p. 1).  The undersigned again instructed Plaintiff to submit a copy of his inmate trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint.  (D.E. 6, p. 1).  Plaintiff was warned that his failure to comply with the March 22 Show Cause Order would result in the undersigned recommending dismissal of this action.  (D.E. 6, pp. 1-2).  Court records reflect that the March 22 Show Cause Order has been returned to the Court as undeliverable.  (D.E. 7).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order.  Fed. R. Civ. P. 41(b); *see also Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute).  To date, Plaintiff has not responded to either the February 21 Notice of Deficient Pleading or the March 22 Show Cause Order.  Plaintiff has failed to follow court orders and submit the appropriate information in support of his application to proceed *in forma pauperis*.  He has been previously advised that this action may be dismissed for want of prosecution if he fails to comply with a court order.  Furthermore, it appears that Plaintiff is no longer confined at the SPCJ and has abandoned his case by not filing a notice of change of address.  Dismissal is therefore warranted under these circumstances.

Accordingly, it is respectfully recommended that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) and that his application for leave to proceed *in forma pauperis* (D.E. 2) be denied as moot.

Respectfully submitted this 7th day of May, 2019.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).